UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC FLORES,

       Plaintiff,                               Civil Action No. 15-CV-13710

vs.                                    HON. BERNARD A. FRIEDMAN

U.S. ATTORNEY GENERAL and
FEDERAL BUREAU OF INVESTIGATION,

       Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

        This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

        Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

        Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from
> such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios."  *Id.* at 327-28.  To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).  Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

In the present case, the complaint (captioned "Petition to Challenge the Constitutionality of the First Amendment") is clearly frivolous.  Plaintiff alleges, among other things, that an unnamed "organized group of executive employees of the federal government" have interfered with this life, and that of many of plaintiff's relatives,

> by useing nuclear advanced technology with a direct signal to the satelite in outerspace that has the capability of calculating a genetic code to cause the petitioner severe mental pain for long duratuions exceeding calendar days inwhich was equivalent in intensity to the explosion of a nuclear weapon within the petitioners mental state of mind causeing the petitioner a great amount of pain to his brain that distorted his mental state of mind and hindered his ability to mental function normally almost leading to his death . . .

Compl. at 10.  Allegations such as these, which continue in a similar vein throughout the 63-page complaint, come within the *Neitzke* definition of frivolous.  Accordingly,

2

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted.  The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).


                                    S/ Bernard A. Friedman_____
Dated:  October 21, 2015            BERNARD A. FRIEDMAN
        Detroit, Michigan           SENIOR UNITED STATES DISTRICT JUDGE

3